**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| VERONICA TOOLAN,<br><br>                       Plaintiff,<br>   v.<br><br>MARRIOTT VACATION CLUB, INTERNATIONAL, MARRIOTT OWNERSHIP RESORTS, INC., and ROLAND GEORGES<br><br>                      Defendants. | 3:09-cv-178 |

**TO:**   Karin A. Bentz, Esq.
        Charles Engeman, Esq.

### ORDER

THIS MATTER came before the Court upon Plaintiff's Motion To Allow Service By Publication on Defendant Roland Georges (Docket No. 14) and Plaintiff's Request For Ruling on Motion to Allow Service by Publication on Defendant Roland Georges (Docket No. 15). The time for filing a response to the motion to allow service by publication has expired.

Federal Rules of Civil Procedure Rule 4(e)(1) allows service of process upon an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is

made." *Id.* In the Virgin Islands, V.I. Code Ann. tit. 5, §112(a) provides for substituted service by publication "[w]hen service of the summons cannot be made as prescribed in Rule 4 of the Federal Rules of Civil Procedure, and the defendant after due diligence cannot be found within the Virgin Islands, and when that fact appears by affidavit to the satisfaction of the district court . . . ." *Id.* However, such substituted service is allowed only in the following cases:

1. When the defendant is a foreign corporation, and has property within the Virgin Islands, or the cause of action arose therein;

2. When the defendant, being a resident of the Virgin Islands, has departed therefrom with intent to defraud his creditors or to avoid the service of the summons, or with like intent keeps himself concealed therein, or has departed from the Virgin Islands and remained absent therefrom six consecutive weeks;

3. When the defendant is not a resident of the Virgin Islands, but has property therein, and the court has jurisdiction of the subject of the action;

4. When an action is to have a marriage declared void, or for a divorce in the cases prescribed by law;

5. When the subject of the action is real or personal property in the Virgin Islands, and the defendant has or claims alien or interest actual or contingent therein, or the relief demanded consists wholly or partly in excluding the defendant from any lien or interest therein; or

> 6. When the action is to foreclose, satisfy, or redeem from a mortgage, or to enforce alien of any kind on real estate in the Virgin Islands, or satisfy or redeem from the same.

V.I. Code Ann. tit. 5, §112(a)(1)-(6)(2008).

Plaintiff alleges in her Complaint that "Defendant Roland Georges was at all times relevant to this action a male domiciliary of St. Thomas, U.S. Virgin Islands." Complaint (Docket No. 1) at para. 14. Plaintiff's motion to allow service by publication states that a process server attempted to serve Defendant in Dallas, Georgia, and in New Hampshire. Motion at 1-2 and Exhibits A, B, and C. The statute requires that Defendant either was a resident of the Virgin Islands who has departed or is a non-resident who owns property in the Virgin Islands. At this juncture, nothing in the record demonstrates that Defendant falls within the purview of the statute.

> Moreover,
>
> [d]istrict courts in the Third Circuit have repeatedly held that a plaintiff moving for alternative service, such as publication, must establish three elements: (1) a good faith effort to locate the defendant; (2) practical efforts to serve the defendant under the circumstances; and (3) a method of alternative service that is reasonably calculated to provide the defendant with notice.

*Barbosa v. Dana Capital Group, Inc.*, Civil Action No. 07-cv-1724, 2009 WL 902339 at *4 (E.D. Pa. March 31, 2009) (slip copy) (footnote omitted) (citations omitted).

The Court also finds that Plaintiff has failed to show the effectiveness of publishing notice on Defendant in the Virgin Islands. As stated by the *Barbosa* court,

> [f]or service of publication to be reasonably calculated to provide notice, publication must be made both in the county of the incident and the county of the defendant's last known address. *See Levin v. Richter*, 1991 U.S. Dist. LEXIS 1287, *3-4 (E.D. Pa. February 4, 1991) (Kelly, J.); *Kittanning Coal Co.*, 551 F. Supp. at 838-839; *see also Romeo v. Looks*, 369 Pa. Super. 608, 618-619, 535 A.2d 1101, 1106-1107 (1987); *Clayman*, 173 F.R.D. at 140.
>
> In addition, the plaintiff must have specific information about where the defendant lives or works for service by publication to be reasonably calculated to provide the defendant with notice. *See Long*, 2003 U.S. Dist. LEXIS 9262 at *5; *Clayman*, 173 F.R.D. at 140-142; *see also Banks*, 2008 U.S. Dist. LEXIS 49954 at *6. Merely publishing in a widely circulated publication will not suffice. *See Clayman*, 173 F.R.D. at 141.

*Barbosa*, 2009 WL 902339 at *7. Plaintiff was informed that Defendant Roland Georges' primary residence was not in the Virgin Islands, but in Dallas, Georgia. Motion at 1. Therefore, without other information of said Defendant's whereabouts, service by publication within the Virgin Islands is not reasonably calculated to provide him with notice.

Based upon the foregoing, the Court finds that the Plaintiff has not met her burden of showing that she is entitled to serve Defendant Roland Georges by publication.

*Toolan v. Marriott Vacation Club Int'l*
3:09-cv-178
Order
Page 5

Accordingly, it is not hereby **ORDERED**:

1. Plaintiff's Motion to Allow Service by Publication on Defendant Roland Georges (Docket No. 14) is **DENIED WITHOUT PREJUDICE**.

2. Plaintiff's Request For Ruling on Motion to Allow Service by Publication on Defendant Roland Georges (Docket No. 15) is **GRANTED**.

ENTER:

Dated: September 15, 2010  /s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE